UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JIMMY INGERSOLL, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | Civil Action No. 6: 04-554-DCR |
| HARLAN COUNTY FISCAL COURT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| HARLAN COUNTY FISCAL COURT, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| V. | ) | **AND ORDER** |
| | ) | |
| UNITED STATES ARMY CORPS OF | ) | |
| ENGINEERS, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of the motion to dismiss filed by the Third-Party Defendant, the United States Army Corps of Engineers, [Record No. 14] and the motion for summary judgment brought by Defendant/Third-Party Plaintiff Harlan County Fiscal Court [Record No. 16]. Because the Third-Party Plaintiff has failed to state a claim upon which relief can be granted, and because this Court lacks subject matter jurisdiction over the dispute, the United States' motion will be granted and the case will be remanded to Harlan Circuit Court for further proceedings.

-1-

## I.      BACKGROUND

On June 20, 2003, the Plaintiffs were injured when a tree fell and struck their truck while they were driving in Sunshine, Kentucky.  The tree was located on property owned by Harlan County at the time of the incident.  However, prior to its transfer to Harlan County on May 6, 2003, the land was owned by the United States.

On May 14, 1987, the United States Army Corps of Engineers and Harlan County entered into an agreement for local cooperation on flood control.  The Corps of Engineers acquired a number of tracts of land located in the one hundred-year flood plain and removed the structures on these tracts.  These tracts were acquired for the sole purpose of turning them over to Harlan County, which would then be responsible for the operation and maintenance of the project.  Among those tracts acquired was the tract containing the tree which struck the Ingersolls' truck.  The offending tree –  a silver maple –  dated back to the property's use as residential housing.

On April 30, 2004, the Ingersolls filed suit against Harlan County in Harlan Circuit Court.  On September 17, 2004, Harlan County filed a third-party complaint against the Army Corps of Engineers.  The United States removed the case to this Court on May 10, 2004.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction; that is, they may only hear the cases and "exercise those powers authorized by [the] Constitution and statute."  *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606 (6th Cir. 1998).  A defendant who believes the prerequisites of federal subject matter jurisdiction have not been satisfied may bring these deficiencies to the Court's attention via a motion filed pursuant to Fed. R. Civ. P. 12(b)(1).  The Court is then

obligated to review the evidence and determine whether it has jurisdiction over the claims asserted. *See, e.g., United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Cuno v. Daimler Chrysler, Inc.*, 386 F.3d 738, 742 (6th Cir. 2005); *see also Golden v. City of Columbus*, 404 F.3d 950 (6th Cir. 2005). The court must construe the complaint in the light most favorable to plaintiff accept all factual allegations as true, and determine whether it is established beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While the standard is quite liberal, it requires more than the bare assertion of legal conclusions. *Perry v. American Tobacco Co.*, 324 F.3d 845, 848 (6th Cir.2003). The court need not accept as true legal conclusions or unwarranted factual inferences. *Gahafer v. Ford Motor Co.*, 328 F.3d 859, 861 (6th Cir. 2003).

28 U.S.C. §1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court had dismissed all claims over which it has original jurisdiction." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed. *Id.* Courts may decline to exercise supplemental jurisdiction where the claims against the party which

-3-

provided federal jurisdiction have been dismissed.  *Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140 (U.S. 1934).

### III.    ANALYSIS

Harlan County joined the Army Corps of Engineers pursuant to KRS § 411.182. Once the United States removed the action to this Court, Harlan County amended its Complaint to allege jurisdiction under the Federal Tort Claims Act (FTCA).  28 U.S.C. §1346(b).  Harlan County sought contribution and indemnification, alleging that any damage suffered by the Ingersolls was the result of negligence by the Corps of Engineers, the prior owners of the land from which the tree fell.  Title 28 of the United States Code, Section 1346(b), states that federal district courts shall have exclusive jurisdiction of all negligence actions against an employee of the United States for money damages.  On this basis, the Army Corps of Engineers removed the case to this Court.

The Army Corps of Engineers now moves for dismissal, arguing both that Harlan County has failed to state a claim upon which relief can be granted, and that this Court lacks subject matter jurisdiction over the Harlan County's Third-Party Complaint.  This Court agrees with both contentions and, therefore, will grant the United States' motion to dismiss on two alternative grounds:  (1) Harlan County has failed to allege the negligence or wrongful act of any employee of the United States; and alternatively, (2) Harlan County has failed to name the United States as a party in its action for recovery under the FTCA.  The claim against the Army Corps of Engineers was the only basis under which this Court was authorized to exercise jurisdiction. As these claims will be dismissed, the Court will decline to exercise supplemental

-4-

jurisdiction over the Ingersolls' remaining state law claims.  The remaining claims, therefore, will be remanded to Harlan Circuit Court.  All other pending motions will be dismissed as moot.

### A.    Negligence

In its third-party complaint, Harlan County alleges that "plaintiffs' accidents and injuries, if any there were, were the results of . . . negligence of the US Army Corps of Engineers." [Record No. 1]  However, Harlan County claims no specific act of negligence by any employee of the federal government.  Their claim is based on the Army Corps of Engineers status as the prior owner of the land.  The United States is immune from all actions unless Congress has specifically authorized that action.  *Thompson v. United States*, 592 F.2d 1104 (9th Cir. 1979). Congress has specifically authorized suit against the federal government under the FTCA, which allows individuals to recover from the federal government in the event they are injured by a negligent act or omission by a federal governmental employee acting within the scope of his duties.  However, "the FTCA waives the Government's immunity to suit only for personal injuries caused by government employees acting within the scope of their employment." *Chancellor v. United States*, 1 F.3d 438, 440 (6th Cir. 1993)

Here, Harlan County has failed to allege any act that would give rise to a cognizable claim.  At the time of the accident, the Corps of Engineers had not owned the land for some time. Therefore, it owed no duty arising out of the day-to-day management of the land, including any contemporaneous duty to inspect it.  Section 1346(b) provides that the United States waives it immunity only for negligent acts or omissions.  The Federal Tort Claims Act itself precludes the imposition of liability if there has been no negligence or other form of "misfeasance or

nonfeasance." *Dalehite v. United States*, 346 U.S. 15, 73 S. Ct. 956, 97 L. Ed. 1427 (1953). Further, where no duty is owed, no actionable negligence exists. *Singleton v. Felton*, 101 F. 526, 528 (6th Cir. 1900).

Harlan County argues that under KRS § 411.182, "the jury should have the right to consider whether the Third Party Defendant acted negligently or was a cause of the Plaintiff's damage." [Record No.15-16] Although this phrasing allows Harlan County to claim that it is only seeking indemnification or contribution, the language used in its motion makes clear that the claim is one that may only be brought under the FTCA. In addition, the Third-Party Plaintiff concedes that its allegation is against the Army Corps of Engineers as a whole, rather than against any particular employee. *Id.*

Ultimately, the FTCA requires that a plaintiff make actual, cognizable claims of negligence against an employee of the federal government to trigger Congress' waiver of sovereign immunity on the part of the federal government or its agencies. *Dalehite,* 346 U.S. 15. Third-party Plaintiff Harlan County has failed to meet this burden in this case.

### B.   Failure to Name the United States as a Party

In its Complaint, Harlan County names only the Army Corps of Engineers as a third-party defendant. It does not name the United States as an additional party. And without the United States being named, this Court lacks jurisdiction under the FTCA. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). Federal agencies may not be sued in their own name. Instead, the United States must be substituted for the agency. 28 U.S.C. §2679(a). "If a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal

agency cannot be sued 'in its own name,' despite the existence of a sue-and-be-sued clause."
*FDIC v. Meyer*, 510 U.S. 471, 476 (U.S. 1994). As *Allgeier* makes clear, plaintiffs may not sue individual agencies under the FTCA. The United States is the only proper party in those suits. Here, Harlan County has named only the Army Corps of Engineers, not the United States itself. Therefore, dismissal based on lack of subject matter jurisdiction is also appropriate.

### C.    Remand

This case was commenced in state court as a personal injury action between the Ingersolls and Harlan County. It was only removed to this Court after the United States Army Corps of Engineers was joined as a third-party defendant. Having dismissed all claims against the Corps of Engineers, the only issues that remain are personal injury claims arising under state law. Under prevailing doctrines of federalism, these issues are best considered by the state court. Therefore, the remaining claims asserted in this action will be remanded to the Harlan Circuit Court for further proceedings.

### IV.    CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1)    The United States Army Corps of Engineers' Motion to Dismiss [Record No. 14] is **GRANTED**.

(2)    The United States Army Corps of Engineers is **DISMISSED** as a party to this action.

(3)    Harlan County Fiscal Court's motion for summary judgment [Record No. 16] is **DENIED** as **MOOT**.

(4)     The remaining claims asserted in this matter are **REMANDED** to Harlan Circuit Court.

This 5th day of October, 2005.



Signed By:

_**Danny C. Reeves**_

**United States District Judge**